UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ELIZABETH MARIE MELLOW, § | | |
| Plaintiff, § | | |
| § | CASE NO. 5:20-cv-00549 | |
| § | | |
| v. § | | |
| § | | |
| DEPARTMENT STORES NATIONAL § | | |
| BANK, AND DOES 1 THROUGH 100, § | | |
| INCLUSIVE, § | | |
| Defendants. § | | |

**PLAINTIFF'S ORIGINAL PETITION**

COMES NOW Plaintiff Elizabeth Marie Mellow ("Plaintiff" or "Mellow"), an individual, based on information and belief, to allege as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violation of: (1) the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to consumers; (2) the Texas Debt Collection Act § 392.302 (hereafter "TDCA"), which prohibits harassment when calling consumers; and (3) the Deceptive Trade Practices-Consumer Protection Act § 17.41, *et seq.* (hereafter "DTPA"), which is brought under the tie-in provision of the TDCA.

2. Plaintiff brings this action against Defendant Department Stores National Bank (hereinafter "DSNB") for its abusive and outrageous conduct in connection with debt collection activity.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

5.  The TDCA is the state's version of the federal Fair Debt Collection Practices Act (hereinafter "FDCPA"), and aims to protect consumers against unfair and harassing collection practices like the ones described herein. Unlike the FDCPA, the TDCA applies to anyone attempting to collect a consumer debt. The TDCA contains a tie-in provision which allows a claimant under a TDCA violation to incorporate all remedies available under the DTPA.

## JURISDICTION & VENUE

6.  This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 47 U.S.C. § 227.

7.  This venue is proper pursuant to 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

8.  Plaintiff Elizabeth Marie Mellow is an individual residing in the state of Texas.

9.  Plaintiff had taken out her first unsecured loan with DSNB in approximately 2008, and a subsequent unsecured loan in approximately 2012.

10.  Plaintiff's accounts are unsecured loans and Plaintiff began making payments on the accounts before she became financially unable to keep up with the monthly payments.

11.  DSNB began contacting Plaintiff in or about October of 2019 to inquire about the status of the loans and to collect on the payments that were no longer being made.

12.  Plaintiff retained counsel to assist in dealing with the DSNB debt and to seek some type of financial relief.

13.  Counsel for Plaintiff sent a letter of revocation to DSNB on or about October 19, 2019.

14.  Plaintiff believes her revocation and representation letter was received by DSNB on October 25, 2019.

15.  Plaintiff informed DSNB, through her letter of revocation, that she was revoking her consent, if it was previously given, to be called on her telephone.

16.  Plaintiff was frustrated that DSNB continued to make unsolicited calls to her cellular telephone after contacting DSNB to revoke her consent.

17.  Plaintiff denies that she ever gave her express consent to be contacted on her cellular telephone by automatic dialing machines and pre-recorded messages.

18.  DSNB continued to contact Plaintiff between approximately October 25, 2019 – January 13, 2020; the type of contact was through phone calls to Plaintiff on her cellular

telephone.

19.  Despite notice being sent, Defendant continued to contact Plaintiff on her cellular telephone regarding collection of the outstanding debt.

20.  DSNB ignored Plaintiff's letter of representation and continued to contact her for at least three (3) months following receipt of Plaintiff's revocation letter.

21.  Despite being aware of Plaintiff's October 19, 2019 revocation, DSNB continued to contact Plaintiff on her cellular telephone.

22.  DSNB's calls were frequent in nature and continued despite receiving written confirmation that Plaintiff was revoking any consent that may have been previously given to be called on her cellular telephone.

**FIRST CAUSE OF ACTION**
(Violation of the TCPA)
(47 USC § 227 *et seq.*)
(Against Defendant and Does 1-100)

23.  Plaintiff re-alleges and incorporates the allegations in each and every paragraph above by reference as if fully stated herein.

24.  Since at least October of 2019, Defendant started calling Plaintiff's cellular telephone requesting that payment be made on the accounts Plaintiff held with Defendant.

25.  DSNB continued to call Plaintiff frequently after Plaintiff withdrew her consent to be contacted by an automatic dialing machine.

26.  Defendant would contact Plaintiff frequently regarding payment on the account.

27.  Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

28.  Defendant contacted Plaintiff on at least eighty-six (86) separate occasions after Plaintiff informed Defendant that she did not wish to be contacted on her cellular telephone and withdrew any prior consent that may have been given.

29.  All calls placed by Defendant to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1).

30.  These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purpose as defined by 47 U.S.C. § 227(b)(1)(A).

31.  These telephone calls by Defendant, or its agents(s), violated 47 U.S.C. § 227(b)(1)(A)(iii).

## SECOND CAUSE OF ACTION
(Violation of the TDCA)
(Tex. Fin. Code Ann. § 392 *et seq.*)
(Against Defendant and Does 1-100)

32. Plaintiff re-alleges and incorporates the allegations in each and every paragraph above by reference as if fully stated herein.

33. Plaintiff Elizabeth Marie Mellow is an individual and is a "consumer."

34. Plaintiff had taken out her first unsecured loan with DSNB in approximately 2008, and a subsequent unsecured loan in approximately 2012.

35. The loans Plaintiff took from DSNB were extended primarily for personal, family or household purposes and is therefore a "consumer debt."

36. At all relevant times herein, DSNB engaged via mail, email, and telephone, in the business of "debt collection" of a consumer debt from Plaintiff.

37. At all relevant times, DSNB, by attempting to collect a consumer debt, acted as a "debt collector."

38. Between October 19, 2019 and January 13, 2020, and despite Plaintiff informing Defendant that she did not wish to be contacted and withdrew any prior consent that may have been given, Defendant contacted Plaintiff on at least eighty-six (86) separate occasions.

39. Defendant's eighty-six (86) calls in an eighty-six (86) day span is clear evidence that Defendant intended to harass Plaintiff by causing her telephone to "ring repeatedly or continuously" in direct violation of Tex. Fin. Code Ann. § 392.302(4).

## THIRD CAUSE OF ACTION
(Violation of the DTPA)
(Tex. Bus. & Comm. Code § 17.41 *et seq.*)
(Against Defendant and Does 1-100)

40. Plaintiff re-alleges and incorporates the allegations in each and every paragraph above by reference as if fully stated herein.

41. In addition to the remedies provided under Tex. Fin. Code Ann. § 392.403, a violation of the Texas Debt Collection Act is a deceptive trade practice and is actionable under the Deceptive Trade Practices-Consumer Protection Act. Tex. Fin. Code Ann. § 392.404(a).

42. Plaintiff, as a claimant bringing an action under Tex. Fin. Code Ann. § 392.302(4), is "not limited to recovery of economic damages only, but may recover any actual damages incurred by the claimant, without regard to whether the conduct of the defendant was committed intentionally." Tex. Bus. & Comm. Code § 17.50(h). Therefore, in applying Tex.

Bus. & Comm. Code § 17.50(b)(1) to an award of damages, "a total of not more than three times actual damages" may be awarded. *See Id.*

43. Defendant's outrageous and harassing conduct of calling Plaintiff eighty-six (86) calls in an eighty-six (86) day span has caused Plaintiff mental anguish and Plaintiff has incurred actual damages to defend her rights as a consumer, which entitles Plaintiff to up to three times damages incurred pursuant to Tex. Bus. & Comm. Code § 17.50(h) and (b)(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

- **a.** An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) & (C) for each and every violation.
- **b.** Pursuant to 47 U.S.C. § 227(b)(3)(A) and Tex. Fin. Code Ann. § 392.403(a)(1), injunctive relief prohibiting such conduct in the future.
- **c.** Pursuant to 15 U.S.C. 1692(k) both actual damages and statutory damages in an amount to be proven at trial.
- **d.** Pursuant to Tex. Fin. Code Ann. § 392.403(a)(2), actual damages in an amount to be proven at trial.
- **e.** Pursuant to Tex. Fin. Code Ann. § 392.403(b), attorney's fees reasonably incurred.
- **f.** Pursuant to Tex. Bus. & Comm. Code § 17.505(h) and (b)(1), up to three times actual damages incurred in an amount to be proven at trial.

Respectfully submitted,

**PERRY, SHIELDS, CAMPBELL, FLOYD, PLLC**

Dated: May 4, 2020

*/s/ Kyle Schumacher*
Kyle Schumacher
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

                                            **PERRY, SHIELDS, CAMPBELL, FLOYD, PLLC**

Dated: May 4, 2020　　　　　　　　　　　*/s/ Kyle Schumacher*
　　　　　　　　　　　　　　　　　　　Kyle Schumacher
　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff